## McCord *versus* Williams.

1. The sale of the " good will" of a school involves no personal effort on the part of the vendor to influence the attendance of pupils.

2. In an action to recover the balance of the purchase-money under such a sale, it was error to admit circulars of rival schools which showed that the vendor was a principal therein without having first showed that said circulars were issued with his knowledge.

3. In an action upon a note for a balance of unpaid purchase-money on a property, it was error to admit evidence of an agreement to sell the same property for a less sum.

November 1st 1880. Before SHARSWOOD, C. J., MERCUR, PAXSON and STERRETT, JJ. GORDON, TRUNKEY and GREEN, JJ., absent.

Error to the Court of Common Pleas, No. 1, of *Allegheny county:* Of October and November Term 1880, No. 221.

This was an action upon a promissory note by George T. McCord against D. P. Williams, to recover the amount of said note which was given by defendant in part payment for Curry Institute, a normal school in the city of Pittsburgh.

In his affidavit of defence, Williams admitted the execution of the note, but alleged, inter alia, that as an inducement to the purchase of the school McCord agreed to sell the " good will" thereof,

[McCord v. Williams.]

and " to use his personal influence to bring and procure the attendance of pupils to said institute, and to lend the influence of his name for the benefit and advantage of said institute," and further alleged that plaintiff had failed to do so, whereby defendant had suffered damage, &c.    Previous to the sale to D. P. Williams, McCord had sold the school to T. M. Williams and J. D. Kelley for $1200.    Before possession was delivered Kelley sold his interest to one Fee.    Williams refused to enter into a partnership with Fee, and the contract was then cancelled.    McCord then sold the school to defendant for $1800, in part payment for which the note in suit for $600 was given, and said note not being paid this suit was brought thereon.

At the trial, before Collier, P. J., the defendant offered in evidence a copy of *Educational Voice*, containing an advertisement of the Riverview Institute, an institution at that time under the charge of Messrs. Kelley & Fleck, and owned by them, wherein it appeared that McCord was advertised as one of the faculty.    Plaintiff objected thereto for the reason that it does not appear that McCord ever knew that he was advertised as one of the faculty of said institute, and the advertisement was made at the time when he was actually engaged in the Curry Institute, and that the evidence is incompetent and irrelevant.

" Objections overruled."    (Third assignment of error.)

Also, another circular of Riverview Institute.    Plaintiff objected because the name of McCord does not appear in it, or in any way connected with it; and even if it did, it does not appear from any evidence in the case that McCord had anything to do with getting up said circular.

" Objections overruled."    (Fourth assignment.)

Also, the articles of agreement between McCord and T. M. Williams and Kelley, which the court admitted under objection.    (Fifth assignment.)

Also, a circular of the McCord Institute, which the court admitted under objection.    (Sixth assignment.)

In the general charge the court, inter alia, said:

[" Williams defends on the ground that he made a written agreement with McCord, which has been given in evidence to you, wherein the latter agreed 'to use his personal influence to bring and procure the attendance of pupils to said institute, and to lend the influence of his name for the benefit and advantage of said institute,' which he failed to do, but on the contrary allowed his name to be used in connection with another institute, thereby damaging him (the defendant) in a sum equal to the amount of the note.]    This agreement you of course understand is a separate one from the agreement for the sale of the Curry Normal Institute by McCord to Williams.    The two agreements should have been embodied in one, but it is not absolutely necessary that they should

[McCord *v.* Williams.]

have been, and if Mr. Williams has satisfied you, because the burden of proof is on him, that McCord made that agreement and then allowed his name to be published in connection with another institute, went to his father's institute to teach, and that that injured or damaged him (Williams), whatever you find that damage was you may set off against the note. [The testimony on behalf of Williams, if believed, would make out a defence.] On the other hand, if the testimony of McCord and his witnesses is believed, the defence would not amount to anything, because it is perfectly consistent with the bargain.

" Remember, as I said before, that the burden of proof is on the defendant. He must satisfy you of his defence by the weight of the evidence, and if he has failed to do that your verdict should be for the plaintiff."

The portions of the above charge in brackets constituted the first and second assignments of error respectively.

Verdict for defendant, and after judgment plaintiff took this writ and alleged that the court erred as set forth in the above assignments of error.

*J. McF. Carpenter*, for plaintiff in error.

*A. M. Brown*, for defendant in error.

Mr. Justice PAXSON delivered the opinion of the court, November 15th 1880.

The learned judge of the court below was certainly inaccurate in that portion of his charge embraced in the first assignment of error. The written agreement between the parties contains no clause by which the plaintiff "agreed to use his personal influence to bring and procure the attendance of pupils to said institute, and to lend the influence of his name for the benefit and advantage of said institute." The most the agreement provided for was a sale of the "good will." But this involved no personal effort on the part of the plaintiff to influence the attendance of pupils. Nor was this error cured by the subsequent sentence of the charge in which reference was made to a separate agreement. The jury were still left under the impression that the plaintiff had entered into a written contract to lend his personal influence in favor of defendant's school. We cannot say this error was immaterial. Juries give great weight to written agreements, and very properly. Such agreements usually embody the real contract between the parties; and the law presumes that all previous propositions and negotiations are merged in what they have reduced to writing. The evidence in regard to the agreement referred to by the court was altogether in parol, and consisted of alleged declarations of the plaintiff prior to the execution of the writing. Upon this point the

[McCord *v.* Williams.]

evidence of the defendant was flatly contradicted by the plaintiff. Under these circumstances the jury might very possibly have found for the plaintiff but for this misleading portion of the charge.

The exhibits referred to in the third, fourth, fifth and sixth assignments were improperly received. They were not connected with the plaintiff: were not shown to have been issued at his instigation or as to most of them even with his knowledge. They were at the least irrelevant, and may have confused the jury. We cannot say how much harm they were calculated to do as the exhibits are not given in the paper-book. This is in violation of our rules of court, but as the counsel for plaintiff was not able to procure them for insertion in his paper-book, we will accept his excuse as sufficient.

The remaining assignments do not need remark.

Ju lgment reversed, and a *venire facias de novo* awarded.